ARPIN *v.* VALDÉS.

APPEAL from the District Court of San Juan.

No. 231.—Decided June 9, 1908.

STATEMENT OF THE CASE—FINDING UPON THE EVIDENCE—QUESTIONS OF FACT.—
A document which solely mentions the evidence by means of an index, without sufficiently setting it forth, cannot be regarded as a statement of the case and cannot produce any legal effect in this court, although the judge approved instead of rejecting the same. Under such conditions, questions of fact having been raised, this court cannot consider the evidence nor disturb the findings of the trial court thereon.

ID.—SUBSTANTIAL STATEMENT OF DOCUMENTARY EVIDENCE.—It is unnecessary for the documents presented as evidence during the trial to be literally copied in a statement of the case, but it is sufficient to make a substantial statement thereof, or refer to the copies attached to the record; but such reference is necessary and must be made in such a way that the documents may be identified.

ID.—DOCUMENTS ATTACHED TO THE COMPLAINT.—It is necessary that the documents attached to the complaint be identified in some way in order that it may be determined which documents were in fact attached thereto, and which were merely presented as evidence during the trial.

The facts are stated in the opinion.

*Mr. Texidor* for appellant.

*Mr. La Torre* for resepondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

This action was initiated by a complaint filed in the District Court of San Juan by Arsenio L. Arpin against Ramón Valdés Cobián and Pedro del Valle Franco.

In this complaint Arpin alleges the following fundamental facts in support of his right of action:

"1. That by public deed executed in the city of San Juan on May 20, 1899, before Notary Maurico Guerra Mondragon, the plaintiff purchased of Guillermo Dávid Noble y Ruíz two rural estates, one having an area of 3 *cuerdas* and another of 75 *cuerdas,* both of them on La Plata River, and situated, respectively, in *barrios* 'Cedrito' and 'Doña Elena,' within the municipality of Comerío, the sale having been made upon the payment of the price agreed on by the parties, whereby Arpin acquired the ownership of such estates free from all encumbrances or liens under said deed, as recorded in the Registry of Property of Caguas.

"2. That the defendant, Valdés Cobián, brought an action in the Court of First Instance of Caguas against Pedro del Valle Franco and Guillermo Dávid Noble seeking the acknowledgment of a rural easement on the estate of the said Valle Franco and Noble, basing his claim on a deed executed in Bayamón on October 6, 1898, before Notary Tomás Valdejuly y Calatraveño, by Pedro del Valle Franco and Ramón Valdés Cobián, which deed set forth that Valle Franco had certain property or land on the banks of La Plata River in the district called 'El Salto,' without describing such property or establishing its boundaries by cardinal points, but only adding below the signature a sketch alleged to represent the estate of Pedro del Valle Franco; nor does the deed set forth the titles of Pedro del Valle Franco to such property. It was stipulated in the document referred to that Pedro del Valle Franco gave permission to the other party, Ramón Valdés Cobián, to apply for the use of the waters of La Plata River, and to make such works within his lands as he might consider necessary, without any limitation whatsover respecting the plans of Valdés, which permission of del Valle was not to give to any other person for which Valdés expressed his gratitude to del Valle.

"3. That said deed of October 6, 1898, does not contain any description of the estates constituing the subject matter of the contract, nor any determination of the works which del Valle Franco permits Valdés to construct, nor any indication of the part of the estates upon which he is to execute the works, nor any explanation of the right or authority that Valle Franco had to permit Valdés to apply or not for the use of the water of La Plata River while contracting the illegal and void obligation of not selling or assigning to another person lands which are not described.

"4. That by said deed of October 6, 1898, no servitude or charge whatsoever was laid on the estate mentioned, nor did the plaintiff Arpin take any part therein, nor was any record of it made in the registry of property, no was it recorded at the date of the execution of the deed of May 20, 1898 (1899?).

"5. That Ramón Valdés, having obtained a judgment in his favor in the action prosecuted by him against Pedro del Valle Franco and Guillermo Dávid Noble, took steps to insure its effectiveness with the intention of establishing a servitude of right of way or use upon the two estates acquired by Arpin; and according to the information and belief of the plaintiff, Valdés acquired the record or entry of such servitude making the estates of Arpin to appear to be subject to a servitude which does not and never has existed, and thereby causing Arpin considerable damage by reason of his inability to make use of the water of La Plata River for industrial purposes, which, as the owner of a riparian estate, he was entitled to use, the resulting damages being estimated at $20,000.

"Arpin closed his complaint with the prayer that judgment be rendered to the effect that the deed of October 6, 1898, does not contain any constitution of a servitude nor any charge or property right which affects or could affect the rural estates acquired by Arpin, and that in any event the deed referred to and the contract contained therein are null and void, the records thereof in the registry of property being also null; and, further, that Ramón Valdés Cobián be adjudged to pay damages to the plaintiff in the sum of $20,000.

Ramón Valdés made the following allegations in his answer to this complaint:

"1. That by deed of October 6, 1898, executed before Notary Tomás Valdejuly, of Bayamón, Pedro del Valle Franco, at that time the possessor of lands which the plaintiff alleges he acquired of Gui-

llermo Dávid Noble, authorized Valdés to construct thereon such works as might be necessary to make use of the water of La Plata River, thus establishing a real servitude of aqueduct, and binding himself furthermore not to grant similar authority nor to sell said lands to any other person.

"2. That del Valle Franco, taking advantage of the fact that the deed of October 6, 1898, had not been recorded in the registry of property owing to defects in form, instead of doing the needful to cure them, as had been agreed, conveyed to Guillermo Dávid Noble, on November 8, 1898, the two tracts of land referred to by Arpin in his complaint, free from all charges.

"3. That an action having been brought by Ramón Valdés against Pedro del Valle Franco and Guillermo Dávid Noble, to compel them to present in the Registry of Property of Caguas the deeds referring to the lands mentioned, and to execute such deed as was necessary to correct the defects which prevented the record of his easement, or that it be done by the court upon the failure of the defendants to do so, the Supreme Court of this Island rendered judgment on December 30, 1899, granting the prayers of Ramón Valdés Cobián, thereby recognizing the validity and efficiency of the deed of October 6, 1898, and that a property right of easement was constituted thereby on the two tracts of land referred to in the complaint, and consequently these acts partake of the character of *res judicata,* besides the fact that more than four years have elapsed between October 6, 1898, and the date the complaint was filed.

"4. That in one of the conclusions of law of the said judgment of the Supreme Court it was held that Guillermo Dávid Noble was well aware of the deed of October 6, 1898, at the time del Valle executed in his favor that of November 9 of the same year, and therefore the former prejudiced him and he was bound to respect the easement constituted therein in favor of Valdés and to execute the deed necessary to cure the defects which prevented the record of said easement in the registry of property.

"5. That the plaintiff, Arsenio L. Arpin, also knew of the deed of October 6, 1898, and of the action in which judgment was rendered on December 30, 1899, when Guillermo Dávid Noble, foreseeing that the judgment would be against him, conveyed to Arpin by deed of May 20, 1899, the possession of the two tracts of land in question, for Dávid Noble was the emissary or agent of Arpin in the contract of purchase and sale of November 9, 1898, by which Noble acquired from del Valle the same lands which he afterwards conveyed to Arpin.

"6. That del Valle Franco had only possession of the lands which he conveyed to Noble, and such possession is what Noble conveyed to Arpin by the deed of May 20, 1899, which possession was recorded in the Registry of Property of Caguas, but has not yet been validated by prescription.

"7. That the record of the possession of the tract of 0.75 of a *cuerda* was made in favor of Noble, without curing the defect of its not having been recorded in favor of the assignor, Pedro del Valle, and without presenting in the registry the record of the proceedings to establish possession in favor of Noble, or any earlier title, which defect was not cured in the record made in the name of Arpin by virtue of the deed of May 20, 1899.

"8. That the judgment of the Supreme Court of December 30, 1899, was recorded in 1890 (so it says) in the Registry of Property of Caguas, by virtue of an order of the District Court of San Juan made in compliance with said judgment; but this record caused no prejudice to the plaintiff Arpin, nor would Valdés be liable therefor on the assumption that damages had been caused.

"Ramón Valdés Cobián denied in his answer that the deed of October 6, 1898, had the defects mentioned in the complaint; that Arpin had the ownership recorded of the lands conveyed to him by Noble; that the defendant Valdés had recorded or entered the real servitude of aqueduct upon the lands of Arpin, and extended his denial to include all facts at variance with those already stated."

In the same answer to the complaint Valdés Cobián brought a counterclaim against Arpin, based on the following allegations:

"1. That Arpin was perfectly cognizant of the deed of October 6, 1898, when Dávid Noble executed in his favor the subsequent deed of May 20, 1899.

"2. That Arpin has only a title of possession to the lands referred to in the deed of May 20, 1899, and that prescription has not validated his title.

"3. That the record of the possession of the tract of 0.75 of a *cuerda* was made in favor of Noble without correcting the defect of its not being recorded in favor of Pedro del Valle Franco, and that the registry did not show that Noble had presented the record of the proper proceedings to establish possession, nor has the defect mentioned been cured in the record made in the name of Arpin.

"In view of the foregoing statements Valdés prayed that the complaint be dismissed in every respect, and under the counterclaim that it be held that the deed of October 6, 1898, prejudices Arsenio L. Arpin, who is under the obligation of respecting the easement therein established in favor of Ramón Valdés; that the record of possession in favor of Arpin of the lands on which the servitude is constituted does not prejudice said right of easement, and that the record of the possession of the tract of 0.75 of a *cuerda* is void, with all the costs against the plaintiff, Arpin."

The record does not contain the answer made by the plaintiff to the counterclaim.

The trial having been held, the court rendered judgment on October 21, 1907, entered the following day, in which it held that the facts and the law were against the complaint and the counterclaim, and that the annullments prayed for by the plaintiff did not lie, nor the damages sought to be recovered by him, with the costs of the suit against said plaintiff, at the same time dismissing the counterclaim.

Counsel for Arsenio L. Arpin took an appeal from this judgment on the 30th of said month of October, and in support of his appeal he prepared the statement of facts which appears of record, approved by the judge.

In this statement of facts, after setting forth the allegations of the parties in the complaint and answer, a statement of the evidence is made in the following terms:

"In support of their allegations the parties submitted the following evidence:

"1. A copy of the deeds of October 6, 1898, executed between Valdés and Valle before Notary Valdejuly.

"2. The deed of purchase and sale of March 5, 1899, between Noble and Arpin, before Notary Guerra.

"3. A certificate issued by the Registrar of Property of Caguas relating to the records and entries of the estates cited in the complaint.

"4. A certificate issued by the same registrar of property relating to the mortgage constituted by the defendant Valdés, for more than $100,000 upon estates adjoining Comerío Falls.

"As oral evidence the testimony of W. D. Noble, who stated that Arpin had come to Porto Rico with a large amount of capital and that he had bought the estates in question for the industrial exploitation of Comerío Falls, for which the estates were indispensable; that the industrial product of the Falls represented a large sum annually, to such an extent that Valdés had been able to obtain large sums secured by mortgages on the estates adjoinnig Comerío Falls.

The defendant presented the following:

"1. The jugment of the Supreme Court of Porto Rico in the action brought by Ramón Valdés against Pedro del Valle and Guillermo David Noble dated December 30, 1899.

"2. A certified copy of the complaint in said action.

"3 and 4. A certified copy of letters rogatory issued in this action by the judge of Caguas to the judge of San Juan, and of the testimony given thereunder by witness A. L. Arpin, L. Larrinaga, A. Geigel, and Cirino Pumarada.

"5. A certificate issued by Notary Tomás Valdejuly.

"6. The deed of October 6, 1898, already presented by both parties.

"7. The deed of purchase and sale executed between del Valle and Noble on November 8, 1899.

"8 and 9. A certificate issued by the Registrar of Property of Caguas.

"10, 11 and 12. Three certificates issued by the Secretary of the Executive Council."

A document in which the evidence heard at the trial is set forth in such a manner cannot properly be called a statement of facts and cannot have any legal effect in this Supreme Court, although the judge may have approved, instead of rejecting it. The statement of facts should not contain an index of the evidence introduced in the action, as counsel for the appellant appears to have believed, but must show the result of such evidence in a sufficiently specific manner.

It is true that the record contains the following documents: (1) Two copies of a deed executed on October 6, 1898, by Pedro del Valle Franco and Ramón Valdés Cobián before Notary Tomás Valdejuly; (2) Another copy of a deed of purchase and sale between del Valle and Noble, executed on

November 9, 1898, before Notary Mauricio Guerra; (3) Another copy of a deed of purchase and sale between Noble and Arpin, executed on May 20, 1899, before said Notary Guerra; (4) Two certificates issued by the Registrar of Property of Caguas; (5) Three certificates issued by the secretary of the Executive Council of Porto Rico; (6) Copies of the judgment rendered on December 30, 1899, in the action brought by Ramón Valdés against Pedro del Valle and Guillermo D. Noble; of the bill of complaint in said action; of the letters rogatory addressed in said action by the Judge of First Instance of Caguas to the Judge of San Juan to take the testimony of Arpin, Tulio Larrinaga, Antonio Geigel and Cruz Castro, and requesting that a true copy of the deed executed on November 9, 1898, by Pedro del Valle in favor of Guillermo David Noble be issued by the proper notary; of the testimony given in said action by A. L. Arpin, Tulio Larrinaga, Antonio Geigel and Cirino Pumarada; and of a certificate issued in the same action by Notary Tomás Valdejuly relating to acts of which he had knowledge by reason of his office.

Nevertheless, it is to be noted that in the so-called statement of facts it is not affirmed nor even intimated that the documents mentioned formed an integral part of the said statement. They come attached to the record, as could have come any other documents which counsel might have had the desire or fancy to attach thereto, whether pertinent or foreign to the case.

Furthermore, among the documents of record we do not find any deed of purchase and sale between del Valle and Noble executed on November 8, 1899, nor the deed of purchase and sale of March 5, 1899,' executed by Noble and Arpin before Notary Guerra, nor any certificates issued by the Registrar of Property of Caguas relating to a mortgage instituted by the defendant Valdés for a sum exceeding $100,000, upon the estates adjoining Comerío Falls, which documents, as

affirmed in the statement of the case, had been presented in the action as evidence.

It may very well occur that the deed of purchase and sale between del Valle and Noble executed on November 8, 1899, and the other deed of purchase and sale of March 5 of the same year between Noble and Arpin, both of which documents are mentioned in the so-called statement of the case, are the two deeds of November 9, 1898, between del Valle and Noble and of May 20, 1899, copies of which form part of the record. But we cannot proceed upon conjectures to establish the facts which must serve as a basis for the application of the law in this appeal. It devolves upon counsel for the appellant to present the facts to this court, by means of a *true* statement of facts *duly* approved by the judge.

The statement of facts need not contain a literal copy of the documents presented in the action, it being sufficient to set forth the material portions thereof or to refer to the copies of the same which may be of record; but this reference is necessary and must be made in such manner as to permit an identification of the documents so as to be certain that such documents are the same to which reference is made in the statement of facts as having been presented in evidence at the trial.

We have already held in the case of *Manuel Díaz Caneja* v. *Pedro Ma. Rossy,* 11 P. R. Rep., p. 39, with reference to section 119 of the Code of Civil Procedure, that the written documents which form part of the complaint must be identified in some manner in the copy filed in this court in order that we may be able to determine what documents were actually made a part of the record and what were simply presented as evidence at the trial.

The documents presented as evidence at the trial must also be identified in this court and reference made thereto in the statement of facts, not in a general way, but in such manner as to permit of their identification, as required by the

provisions contained in the last sentence of section 214 of the Code of Civil Procedure.

We are willing to admit, as a matter of courtesy to the appellant, that some of the documents of record, such as those relating to certain matters connected with the action prosecuted by Valdés Cobián against del Valle Franco, may be considered to have been identified, as we are convinced that they embody evidence actually presented at the trial; but as in the statement of facts documents are alluded to which do not form part of the record, and as the latter contains documents to which no reference is made in the statement of facts, the conclusion must be reached that we have not an absolute and exact knowledge of the evidence heard at the trial, which is a necessary prerequisite to enable us to discuss and decide the legal questions derived from the facts alleged in the complaint and in the answer.

The parties have not agreed, nor do they agree, upon these facts, and because of a material defect in the statement of facts we must admit as indisputable in this appeal the findings of the lower court on the evidence taken.

The questions at issue in this action are not questions of law merely, as shown by the divergence between the plaintiff and the defendant as to the facts, and this is corroborated by the statement of facts which the appellant thought it necessary to present in support of the appeal.

If in accordance with the findings of the judge on the evidence, the deed of October 6, 1898, does not contain any material defects; if a real servitude was constituted by said deed; if Arpin knew of the existence of such servitude when Noble sold him the lands referred to in the complaint, and under such circumstances Valdés cannot be held responsible for the damages sought to be recovered by him, then the judge had perforce to apply the law as he did in his judgment, holding that the annullments sought by the plaintiff did not lie,

nor the damages sought to be recovered by him, with the costs of the proceedings against him.

No appeal has been taken by Valdés from that part of the judgment dismissing the counterclaim, and consequently it must be upheld, this court not being called upon to discuss its propriety.

For the foregoing reasons we believe that the judgment appealed from should be affirmed, with the costs of the appeal also against the appellant, Arsenio L. Arpin.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.